FILED
U.S. DISTRICT COURT
2011 OCT 11 PM 4:18
CLERK R. Austin
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LITHONIA J. HARRIS,

    Plaintiff,

vs.

SCOTT SMITH; HOME TOWN INSURANCE; JOHN DOE; and JANE DOE,

    Defendants.

CIVIL ACTION NO.: CV211-098

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Lithonia Harris ("Plaintiff"), an inmate currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action pursuant to § 1983 must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. A district court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that Defendant Smith, an employee of Defendant Hometown Insurance, has continually breached Plaintiff's car insurance contract. Plaintiff asserts that the alleged breach of contract has resulted in violations of his constitutional rights and his rights under Georgia law. Plaintiff seeks compensatory and punitive damages as well as attorney's fees.

Plaintiff names Scott Smith, Hometown Insurance, John Doe (the driver of the vehicle that allegedly caused an accident with Plaintiff's vehicle, which was insured by Hometown Insurance), and Jane Doe as Defendants in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission

2

deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any allegations that the aforementioned Defendants are persons acting under color of state law. From the face of Plaintiff's Complaint, he alleges harm caused by wholly private actors. Additionally, he never mentions Jane Doe in his Complaint.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 17th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)